UNITED STATES DISTRICT COURT'
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| CHRISTOPHER M. SAVELL | * | |
|    Plaintiff | * | |
| v. | * | CIVIL ACTION NO.: JFM 03 CV 534 |
| CAREFIRST OF MARYLAND, INC. | * | |
|    Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT, CAREFIRST OF MARYLAND, INC.'S**
<u>**ANSWER TO PLAINTIFF'S COMPLAINT**</u>

The Defendant, CareFirst of Maryland, Inc., (hereinafter referred to as "CareFirst"), by its attorneys, Meryl D. Burgin and Mark B. McCoy, in answer to the Complaint and each and every count therein, states the following:

1. That it denies the allegations set forth in Paragraph 1 of Plaintiff's Complaint, except that it lacks sufficient knowledge to admit or deny those allegations relating to the statutory bases of Plaintiff's Complaint because they call for a legal conclusion.

2. That it denies the allegations set forth in Paragraph 2 of Plaintiff's Complaint, except that it lacks sufficient knowledge to admit or deny those allegations relating to the statutory bases of Plaintiff's Complaint because they call for a legal conclusion.

3. That it denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint, except that it lacks sufficient knowledge to admit or deny those allegations

relating to the statutory bases of Plaintiff's Complaint because they call for a legal conclusion.

4. That it admits the Equal Employment Opportunity Commission issued a right to sue letter on December 3, 2002, but denies the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. That it denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint, except that it lacks sufficient knowledge to admit or deny those allegations that call for a legal conclusion.

6. That it admits that Plaintiff was employed by Defendant but that it lacks sufficient information to admit or deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. That it admits to the allegations set forth in Paragraph 7 of Plaintiff's Complaint to the extent that CareFirst has offices in Baltimore, Maryland.

8. That it admits to the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. That it admits to the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. That it admits to the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. That it denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint as Defendant's principal place of business in the State of Maryland is in Owings Mills, Maryland.

12. That it admits to the allegations set forth in Paragraph 12 of Plaintiff's Complaint except that it lacks sufficient knowledge to admit or deny those allegations that call for a legal conclusion.

13. That it admits to the allegations set forth in Paragraph 13 of Plaintiff's Complaint and states that Plaintiff was offered the opportunity to switch shifts if he was able to find an employee willing to switch shifts with him.

14. That it admits the third shift begins at 10:00 p.m. and ends at 6:30 a.m. and denies the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. That it admits to the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. That Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. That it denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. That it admits the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. That it admits that beginning on May 30, 2001, Plaintiff and Tia Malloy discussed a classical music concert for his students to be scheduled in August 2001.

20. That it admits that on or about the week of the concert, Plaintiff met with Tia Malloy in person, for the first time.

21. That it admits that the concert was cancelled when Tia Malloy found out for the first time that Plaintiff was employed by Defendant. Such cancellation was in accordance with Defendant's practice of neither facilitating nor sponsoring community events initiated by requests from employees.

22. That it denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. That it admits to the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. That it denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. That it admits the first sentence set forth in Paragraph 25 of Plaintiff's Complaint and that it lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. That it lacks sufficient information to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint as it does not know to whom Plaintiff refers in Paragraph 26 of Plaintiff's Complaint.

27. That it admits Plaintiff was commended for his work by management on occasion, but denies the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. That it lacks sufficient information to admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. That it admits that on or about September 20, 2002, Plaintiff requested the use of a portion of his paid time off and Defendant denies the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. That it admits to the allegations set forth in Paragraph 30 of Plaintiff's Complaint; however, Exhibit 6 referred to in Plaintiff's Complaint was not provided to Defendant and Defendant therefore lacks sufficient information to admit or deny information contained within Exhibit 6.

31. That it lacks sufficient information to admit or deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. That it lacks the information necessary to admit or deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

## COUNT I

33. That it incorporates by reference all of the answers set forth in the previous paragraphs as if the same were set forth in full in this Count.

34. That it lacks sufficient information to admit or deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. That it denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint and states that Plaintiff was informed on August 1, 2002 that his shift would be changed.

36. That it denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. That it denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. That it admits that Plaintiff had been employed by Defendant for over 12 years and had never formally been placed on corrective action and denies the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. That it denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. That it denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. That it denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. That it denies that Plaintiff is entitled to the relief sought in sections A through F of the WHEREFORE Clause in Count I of Plaintiff's Complaint.

## COUNT II

43. That it incorporates by reference all of the answers set forth in the previous paragraphs as if the same were set forth in full in this Count.

44. That it denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

45. That it denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

46. That it denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

47. That it denies that Plaintiff is entitled to the relief sought in sections A through F of the WHEREFORE Clause in Count II of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies with respect to all allegations contained within the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by limitations and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damage claims are barred in whole or in part by the worker's compensation remedies.

_____
Meryl D. Burgin
Bar #04824
10455 Mill Run Circle
Owings Mills, Maryland  21117
(410) 998-5507


_____
Mark B. McCoy
Bar #22895
10455 Mill Run Circle
Owings Mills, Maryland  21117
(410) 998-5478

**Attorneys for Defendant,
CareFirst of Maryland, Inc.**